UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:  Chapter 7

New Island Development, LLC a/k/a  Case No. 822-71630-845
Thomas Debonis,

      Debtor.  Affirmation in Support

----------------------------------------------------------X

Marc A. Pergament, duly affirms under the penalties of perjury as follows:

1. I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

2. On July 5, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Marc A. Pergament was appointed interim trustee, and duly qualified as such, and by operation of law, became the permanent Trustee of the Debtor's Estate.

3. This Affirmation is submitted in support of my motion for the entry of an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (a) approving the settlement between the Trustee on behalf of the Bankruptcy Estate and Nicole DeBonis for the sum of $120,000.00 and the transfer of the Estate's right, title and interest in 3376 Edgerton Avenue, Wantagh, New York (the "Wantagh Property"), free and clear of all claims, liens and encumbrances, except for recorded mortgages and real estate tax liens and unpaid real estate taxes; (b) authorizing the Trustee to execute all documents necessary to effectuate the terms of the Stipulation of Settlement with Nicole DeBonis; and (c) such other and further relief as this Court deems just and proper.

4. Following the Trustee's appointment as Trustee, he began his investigation concerning the Debtor's assets and possible fraudulent conveyances by the Debtor.

5. Pursuant to Court Order (Scarcella, U.S.B.J.), the Trustee obtained authorization to issue subpoenas pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure and conducted examinations of several parties, including Thomas Debonis, Andrew Gentile and Michele Carucci.

6. The Trustee also obtained documentation from Nicole DeBonis and uncovered various transfers made by the Debtor to or for the benefit of Ms. DeBonis and family members, including payments for several vacations and other like disbursements.

7. Ms. DeBonis is also the owner of the Wantagh Property, which has a current estimated value of $1,200,000.00 and is encumbered by mortgages with unpaid balances in the sum of $1,150,000.00.

8. The Trustee alleges that the Estate's entitlement from Ms. DeBonis for both the transfers and potential interest in the Wantagh Property.

9. The Trustee received an appraisal of the Wantagh Property and also a mortgage statement reflecting the balances due and owing to the first and second mortgagees.

10. The Trustee also discovered that Ms. DeBonis is a schoolteacher in the Bellmore/Merrick School District and has limited resources.

11. Thus, the Trustee negotiated a settlement providing for the Estate to be paid the sum of $120,000.00 for release of the Estate's claims against Ms. DeBonis and for the transfer of the Estate's right, title and interest in the Wantagh Property, subject to existing mortgages, liens, and unpaid real estate taxes and unpaid real estate tax liens.

12. The Trustee believes that this settlement is in the best interest of this Estate as it will result in a substantial recovery for the Estate without incurring substantial expenses in litigation and the risk of collectability. A copy of the Stipulation of Settlement with Ms. DeBonis is annexed hereto as Exhibit "A."

## BASIS FOR APPROVAL OF THE SETTLEMENT

13. The Federal Rules of Bankruptcy Procedure 9019(a) empowers the bankruptcy court to approve compromises and settlements if such settlements and/or compromises are in the best interest of the estate. In re Ashford Hotels, Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) Fischer v. Pereira (In re Charles Street), 209 B.R. 618, 619 (S.D.N.Y. 1997). Approval of the compromise or settlement is within the sound discretion of the Court, and may not be vacated "except upon a showing of plain error or abuse of discretion." Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985).

14. The Court in considering the settlement or compromise, should not substitute its judgment for that of the debtor-in-possession or determine the legal and factual issues raised by the proceeding the parties seek to settle. Wellis v. Shogrue, 165 B.R. 115, 122 (S.D.N.Y. 1994). Rather, the Court should simply review the issues presented to determine whether the settlement is within the minimal bounds of reasonableness.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness", Newman v. Stein, 464 F.2d 689, 693 (2 Cir.), cert. denied, sub nom. Benson v. Newman, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972).

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983). In re Lion Capital Group, 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985).

3

15. Moreover, in assessing a settlement, the court should give due consideration to the informed judgment of the Trustee and his counsel, and the principle that the law favors compromise. In re Spielfogel, 211 B.R. 133 (Bankr. E.D.N.Y. 1997). In Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991), the bankruptcy court observed:

> Further, the court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement. We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, see, In re Carla Leather, Inc., 44 B.R. 457 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), and consider the competency and experience of counsel who support the compromise. See, In re Texaco, 84 B.R. 893, 17 BCD 483, 18 CBC.2d 1099 (Bankr. S.D.N.Y. 1988); In re International Distribution Centers, Inc., 103 B.R. 420 (S.D.N.Y. 1989). And indeed, a court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial. In re Teletronics Services, Inc., 46 B.R. 426 (E.D.N.Y. 1984), aff'd 762 F.2d 185 (2d Cir. 1985). Finally, we must consider the principle that "the law favors compromise." In re Blair, supra, 538 F.2d at 851.

16. I recommend that this Court approve the settlement in its entirety.

17. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
October 25, 2023

_____
Marc A. Pergament

4