# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:	Chapter 7

New Island Development, LLC a/k/a	Case No. 822-71630-845
Thomas Debonis,

         Debtor.	Stipulation of Settlement

----------------------------------------------------------X

WHEREAS, on July 5, 2022 ("Petition Date"), New Island Development, LLC a/k/a Thomas Debonis, ("Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Marc A. Pergament was appointed interim Trustee, and duly qualified as such, and by operation of law, became the permanent Trustee ("Trustee")[1] of the Debtor's Estate; and

WHEREAS, Nicole DeBonis ("Ms. DeBonis") resides at 3376 Edgerton Avenue, Wantagh, New York 11793 ("Real Property"); and

WHEREAS, the Trustee asserted that the Debtor made Transfers to Ms. DeBonis that were fraudulent conveyances and demanded their return; and

WHEREAS, Ms. DeBonis represents that she has not received, directly or indirectly, any of the Debtor's funds or assets, including, but not limited to funds from or on behalf of Andrew Gentile or Michael Carucci; and

WHEREAS, Ms. DeBonis denies the Trustee's claims; and

---

[1] Singularly, Trustee or Debtor may be referred to as a "Party" and collectively, they may be referred to as "Parties."

WHEREAS, in an effort to amicably resolve the disputes between them and minimize the costs to the Parties, it is hereby stipulated and agreed as follows:

1. The representations set forth above are incorporated herein. Nicole DeBonis shall pay the sum of $120,000.00 ("Settlement Amount") to the Trustee in full settlement of the Estate's claims against her as follows: (a) a deposit in the sum of $10,000.00 simultaneously upon execution of this Stipulation of Settlement; and (b) the sum of $110,000.00 payable in twenty-four (24) equal monthly payments in the sum of $4,583.33 commencing on October 15, 2023. The checks shall be payable to "Marc A. Pergament as Trustee of the Estate of New Island Development, LLC a/k/a/ Thomas Debonis."

2. Nicole DeBonis shall execute an Affidavit of Confession of Judgment in the sum of $150,000.00 in favor of the Trustee in the form annexed hereto as Exhibit "A." The original Affidavit of Confession of Judgment shall be held by the Trustee's counsel and shall not be filed until the Bankruptcy Court approves the Stipulation of Settlement and there is an uncured default. Upon satisfaction of the Settlement Amount, the Trustee shall return the Affidavit of Confession to Nicole DeBonis.

3. In the event Nicole DeBonis defaults in the payments set forth in Paragraph "1" herein, and the default is not cured within ten (10) days, the Trustee shall be authorized to file the Affidavit of Confession of Judgment with the Nassau County Clerk.

4. As soon as practicable, following the Trustee's receipt of the fully executed Stipulation of Settlement, the Trustee or his counsel shall file and serve a motion with the Bankruptcy Court seeking approval of this Stipulation of Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Settlement Motion").

5. The Parties agree to execute any and all other or further documents reasonably necessary to effectuate the terms of this Stipulation of Settlement upon request by the parties. Such requests, if any, shall be made with advance notice of not less than seven (7) business days.

6. <u>Release by Nicole DeBonis to Trustee and Estate</u>. Upon the entry of an Order approving this Stipulation of Settlement, in consideration of the covenants contained in this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, Nicole DeBonis shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (collectively, in this paragraph, "Estate Releasees"), Estate Releasees' representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Estate Releasees, Nicole DeBonis, and Nicole DeBonis' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation of Settlement, exclusive of the obligations of the Trustee pursuant to this Stipulation of Settlement.

7. <u>Release by Trustee and Estate to Nicole DeBonis</u>. Upon the clearance of all payments due under this Stipulation of Settlement, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Estate, his respective representatives, agents, administrators, successors and assigns (collectively,

in this paragraph, "Estate Releasors") each shall conclusively be deemed to have released Nicole DeBonis, and her respective representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, which against Nicole DeBonis, the Estate Releasors, Estate Releasors' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation of Settlement. Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an Order of a Court of competent jurisdiction or required for any other reason to disgorge or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided, then the releases given by the Trustee in this Stipulation of Settlement shall be deemed ineffective and the amount of the Claims shall be reinstated to an amount as though there was no settlement.

8.  <u>Release by Trustee and Estate to the Real Property</u>. Upon the clearance of all payments due under this Stipulation of Settlement, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Estate, his respective representatives, agents, administrators, successors and assigns (collectively, in this paragraph, "Estate Releasors") each shall conclusively be deemed to have released the Estate's right, title and interest in the Real Property, free and clear of all claims, liens and encumbrances, subject only to existing mortgages and real estate taxes, which were filed against Real Property, the Estate Releasors, Estate Releasors' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation of Settlement. Notwithstanding anything contained to the contrary herein,

if the Trustee is compelled by an Order of a Court of competent jurisdiction or required for any other reason to disgorge or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided, then the releases given by the Trustee in this Stipulation of Settlement shall be deemed ineffective and the amount of the Claims shall be reinstated to an amount as though there was no settlement.

9. <u>Waiver of a Claim Against the Estate</u>. Upon the entry of an order approving this Stipulation of Settlement, Nicole DeBonis shall be deemed to have waived any and all claims, as defined in 11 U.S.C. § 101(5), against the Estate, including but not limited to any claim filed by Nicole DeBonis, if any, in the Debtor's Chapter 7 case, and any claim available to Nicole DeBonis under 11 U.S.C. § 502(h), whether arising prior to or after the Petition Date.

10. In the event the Court does not approve this Stipulation of Settlement, then it shall be deemed null and void and of no further force and effect and any payments made pursuant to Paragraph "1" of this Stipulation of Settlement and the Affidavit of Confession will be returned to Mr. DeBonis.

11. This Stipulation of Settlement contains the entire understanding of the Parties and supercedes all prior understandings and agreements, whether written or oral, between the Parties to this Stipulation of Settlement relating to the subject matter of this Stipulation of Settlement.

12. This Stipulation of Settlement and the rights and obligations of the Parties under this Stipulation of Settlement shall be governed by, and construed and interpreted in accordance with the laws of the State of New York. The Bankruptcy Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations and any and all disputes relating to this Stipulation of Settlement which may arise between the Parties.

13. This Stipulation of Settlement may be signed in multiple counterparts and by facsimile transmission if necessary, each of which, when taken together, shall constitute one (1) executed original.

Dated: Garden City, New York
       September 11, 2023

By: _____
Weinberg, Gross & Pergament LLP
Attorneys for Trustee

Marc A. Pergament
400 Garden City Plaza, Suite 309
Garden City, New York 11530
(516) 877-2424 ext. 226

_____
Michael Aronow
Attorney for Nicole DeBonis
80 Claremont Road, Unit 104
Bernardsville, New Jersey 07924-2130

_____
Nicole DeBonis

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the Estate of
New Island Development, LLC a/k/a Thomas Debonis,

                Plaintiff,

- against -

Nicole DeBonis,

                Defendant.
---------------------------------------------------------------X

Index No.

**Affidavit of Confession of Judgment**

STATE OF NEW YORK    )
                              )ss.:
COUNTY OF NASSAU   )

        Nicole DeBonis, being duly sworn, deposes and says that deponent is the Defendant herein.

        I, hereby confess judgment herein and authorize entry thereof against Defendant Nicole DeBonis in the sum of $150,000.00, plus interest from August 1, 2023, less credit for payments made under the Stipulation of Settlement.

        Defendant resides at 33 Anchor Drive, Massapequa, New York and authorizes the entry of the judgment based on this affidavit of confession of judgment in Nassau County.

        The obligation of the defendant under this Affidavit of Confession arises from a Stipulation of Settlement approved by the Bankruptcy Court and is not related to a consumer credit transaction. The interest rate being charged under this Affidavit of Confession is nine (9%) percent, which is consistent with CPLR Section 5004.

        This confession of judgment is for a debt justly due to the Plaintiff arising from the following facts: Defendant's default under a Stipulation of Settlement dated August 22, 2023.

                                                     _____
                                                     Nicole DeBonis

Sworn to before me this
___ day of October, 2023.

_____
NOTARY PUBLIC

Michael Vanacore
Notary Public, State of New York
Reg. No. 01VA0007267
Qualified in Nassau County
Commission Expires May 11, 2027